USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 13, 2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------X
MANUEL ROBLES GUZMAN,            :
                                 :
            Petitioner,          :
                                 :   No. 13 Civ. 5742 (JFK)
     -against-                   :   No. 01 Cr. 257 (JFK)
                                 :   **OPINION & ORDER**
UNITED STATES OF AMERICA,        :
                                 :
            Respondent.          :
-------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Manuel Robles Guzman ("Petitioner") brings this pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the petition is denied.

### I.  Background

    On May 22, 2002, Petitioner pled guilty to one count of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846. After making the finding that the conspiracy involved more than fifty kilograms of cocaine, this Court sentenced him to 192 months' imprisonment on April 08, 2003. The Second Circuit affirmed the sentence, including this Court's drug quantity determination and enhancement, on August 20, 2004. See United States v. Guzman, 108 F. App'x 16 (2d Cir. 2004) (summary order). On remand after United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), this Court decided not to alter Petitioner's term of 192

months, in light of his role as a supervisor in a significant drug operation. (Sent. Tr. of Jan. 18, 2006 at 5-6.)  This ruling was also affirmed by the Second Circuit. See United States v. Guzman, 204 F. App'x 1000 (2d Cir. 2007) (summary order).

On August 08, 2013, Petitioner filed a pro se petition ostensibly seeking relief under 28 U.S.C. § 2241.  Petitioner contended that his sentence should be reduced in light of the recent Supreme Court ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013), which held that any fact that increases a mandatory minimum sentence must be found by a jury beyond a reasonable doubt, id. at 2162-63.  By Order dated September 23, 2013, this Court concluded that the petition should be construed as arising under 28 U.S.C. § 2255. See United States v. Guzman, No. 01 Cr. 257-14, ECF No. 284 (citing Poindexter v. Nash, 333 F.3d 372, 379 (2d Cir. 2003); Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001)).  The Court directed Petitioner to submit a response indicating (1) whether he wished to pursue § 2255 relief, and (2) if so, why such relief would not be time-barred under § 2255(f). See id.  In particular, the Court noted that Alleyne has not been applied retroactively on collateral review to matters that were already final when it was decided. See id. at 4 n.2 (collecting cases).

Petitioner then filed an affirmation assenting to his petition being construed under § 2255. (ECF No. 283.) Although Petitioner acknowledges the untimeliness of his petition, he now seeks equitable tolling based on extraordinary circumstances, i.e., his illiteracy, a misunderstanding with his former counsel, and "the significant constraints Federal prison places on any individual such as myself who cannot read nor write in even his or her own native language let alone the English language." After receiving Petitioner's affirmation, the Court directed the Government to respond, which it did on April 16, 2014. It opposes the petition on the grounds that no valid basis exists for equitable tolling, and also that Petitioner is not entitled to relief under Alleyne.

**II.  Discussion**

**A.  Legal Standard**

Section 2255 allows a prisoner held in federal custody to collaterally challenge his federal conviction or sentence. 28 U.S.C. § 2255(a). To obtain relief under this provision, a petitioner must establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368

3

U.S. 424, 428 (1962)).  Because Petitioner is proceeding pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise the strongest arguments that they suggest," Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

Pursuant to § 2255(f), a petitioner must file within one year from the latest of four benchmark dates:  (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a petition is removed; (3) when the right asserted is recognized initially by the Supreme Court, if it has been made available retroactively to cases on collateral review; or (4) when the facts supporting a claim could have been discovered through the exercise of due diligence.  Here, the Second Circuit affirmed Petitioner's conviction on August 20, 2004, and it became final ninety days later, on November 18, 2004.

In certain "rare and exceptional" circumstances, petitioners may be entitled to equitable tolling of the statute of limitations on a § 2255 petition. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  A petitioner must satisfy two elements to benefit from equitable tolling, that (1)

4

"extraordinary circumstances" precluded him from timely filing, and (2) he exercised "reasonable diligence" throughout the period he seeks to toll. Id.; see Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001).

## B.   Application

At the outset, the Court concludes that the instant § 2255 petition is untimely because Petitioner does not qualify for equitable tolling. As mentioned, Petitioner seeks equitable tolling of the one-year statute of limitations, on the basis of two chief "extraordinary circumstances." First, he asserts that he is unable to understand English and is illiterate in his native Spanish, which has caused difficulties communicating both with his attorney and with other inmates who might provide assistance. However, it is well settled that problems of literacy and language do not constitute "exceptional circumstances" in this context. See, e.g., Ayala v. Fischer, No. 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov. 2, 2004); Armand v. Strack, No. 98 Civ. 6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb. 19, 1999). Second, Petitioner represents that he had believed his prior attorney had filed a § 2255 petition on his behalf. The basis for this misunderstanding is a purported telephone conversation that occurred after the Second Circuit denied Petitioner's direct appeal in 2004. Assuming this to be

true, Petitioner nevertheless cannot be said to have acted "with reasonable diligence throughout the tolling period" given the eight years that passed between the limitations deadline and the filing of the instant petition. Cf. Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004) (observing that "the act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition"); Morton v. Ercole, No. 08 Civ. 0252, 2010 WL 890036, at *2 (S.D.N.Y. Mar. 10, 2010) ("Courts generally have found that periods of delay lasting for more than a year do no exhibit due diligence."). In sum, because Petitioner does not meet the stringent requirements for equitable tolling, his § 2255 petition is time-barred.

Moreover, the Court notes that Alleyne provides Petitioner no basis for relief. The Second Circuit has held that Alleyne "did not announce a new rule of law made retroactive on collateral review." See United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013); accord In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013); Simpson, 721 F.3d 875, 876 (7th Cir. 2013). For the same reason, Alleyne cannot make the petition timely under § 2255(f)(3). See U.S. v. Brunstorff, No. 13 Civ. 1657, 2014 WL 2002735, at *2 (D. Conn. May 15, 2014).

Finally, the Court observes that Petitioner's initial moving papers appear to raise substantive claims about the Court's sentencing findings as to the quantity of cocaine and Petitioner's role in the conspiracy.  These arguments were considered and rejected by the Second Circuit, see 108 F. App'x at 17, and cannot be relitigated now, see United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." (internal quotation marks omitted)).

### III. Conclusion

The Court has considered all of Petitioner's arguments and has determined that they are without merit.  There is no need for a hearing, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b).  Accordingly, the petition to vacate, set aside or correct his sentence pursuant to § 2255 is denied.

The Court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

7

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:   New York, New York
         August 13, 2014

                                    _____
                                    John F. Keenan
                                    United States District Judge